**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKY T. RUSSELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATHAN TOWNSEND et al.,<br><br>　　　　　Defendants. | Case No. EDCV 23-0038-DOC (JPR)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

　　　On January 9, 2023, Plaintiff filed this civil-rights action pro se. On June 6, 2023, the Court dismissed the Complaint for failure to state a claim but with leave to amend, telling Plaintiff that if he wished to pursue this lawsuit, he had to file a first amended complaint complying with its instructions by no later than July 5. The Court warned him, in bold letters, that if he did not timely do so, his lawsuit could be dismissed. To date he has not filed an amended complaint or requested an extension of time to do so, and no mail the Court has sent to his address of record — where he apparently remains housed, see Cal. Inmate Locator, https://inmatelocator.cdcr.ca.gov/search.aspx (search for "Ricky" with "Russell" showing that Plaintiff remains

at Valley State Prison) (last visited July 28, 2023) — has been returned as undeliverable.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440. Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file an amended complaint fixing the deficiencies identified by the Court. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as the Complaint fails to state a claim and cannot proceed, and Plaintiff is unable or unwilling to comply with the instructions for fixing his allegations. Because none of his claims can proceed, the Court is unable to manage its docket. Although the fourth Carey factor

weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-63 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 1, 2023

DAVID O. CARTER
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge